UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOE HAND PROMOTIONS, INC., etc.,

    Plaintiff,

v.                                  Case No.3:09-cv-1122-J-12TEM

JORDAN T. RHOADES, etc., et al.,

    Defendants.

---

## O R D E R

This cause is before the Court on Plaintiff's Notice of Partial Dismissal [of Defendant Nicole Capp](Doc. 10), filed May 11, 2010, and Motion for Default Judgment [Against Defendants Jordan T. Rhoades, Individually and as officer, director, shareholder and/or principal of BP&P of Northeast Florida, Inc., d/b/a Brewsters Pub ("Rhoades"), and BP&P of Northeast Florida, Inc., d/b/a Brewsters Pub ("BP&P")] (Doc. 14), filed May 21, 2010. Plaintiff also filed an additional exhibit to its motion for default (Doc. 18) on June 11, 2010. As of the date of this Order none of the Defendants in this case have filed an answer or otherwise appeared.

Pursuant to Fed.R.Civ.P. 55(a), Plaintiff obtained entries of default against Defendants Roades (Doc. 12) and BP&P (Doc. 13), who after being properly served with the Complaint (Doc.1) in this action, failed to appear or defend. The entry of default causes the well-pleaded allegations of fact in the Complaint to be admitted. See Buchanan v. Bowman, 820 F. 2d 359, 361 (11th Cir. 1987).

Before entering a default judgment pursuant to Fed.R.Civ.P. 55(b), the Court must

find a sufficient basis in the pleadings for judgment to be entered. See Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank, 515 F2d 1200, 1206 (11th Cir. 1975). The Court must determine whether the facts stated in Plaintiff's Complaint (Doc. 1), taken as true, 1) establish the Court's jurisdiction, 2) establish a cause of action and liability on the part of the Defendants, and 3) if so, the amount of damages supported by the record. See Pitts v. Seneca Sports, Inc. 321 F.Supp. 2d 1353 (S.D. Ga. 2004).

In this case, the Court has federal question jurisdiction pursuant to 28 U.S.C. 1331, as well as personal jurisdiction over the Defendants. The Court has reviewed the factual allegations of Plaintiff's Complaint (Doc. 1), and finds that those allegations state a cause of action pursuant to 47 U.S.C. § 605 (Count 1 under which Plaintiff has elected to proceed), and establish Defendants' liability for unlawfully and willfully intercepting, receiving, or de-scrambling the satellite signal and exhibiting the broadcast at issue at a public establishment for purposes of direct or indirect commercial advantage or private financial gain.

With regard to damages, Plaintiff has elected to request the maximum amount of statutory damages ($10,000.00) and enhanced statutory damages ($100,000.00), plus costs and attorneys' fees. Plaintiff has not requested a hearing on damages and the Court finds that one is not necessary because an adequate record exists upon which to base its awards of statutory damages.

The Complaint establishes that 44 people viewed the unlawfully intercepted broadcast, but does not establish the maximum occupancy of the establishment. In the absence of evidence demonstrating what the license fee based on the maximum occupancy would have been, combined with the lack of allegations that Defendants

charged an admission fee, charged higher food or beverage prices or advertised to attract more customers in conjunction with the intercepted broadcast, or had committed other such violations, the Court finds that $1,000.00 in statutory damages[1] and three times that amount, or $3,000.00 in enhanced statutory damages, for a total of $4,000.00, is sufficient to fulfill the compensatory, punitive, and deterrent goals of the statute.

The Court also has reviewed the information submitted by Plaintiff with regard to costs and attorneys' fees. The Court finds the costs compensable and the number of hours and hourly rates sought reasonable, and so will award costs in the amount of $670.00 and attorneys' fees in the amount of $1,650.00.

Upon review of the matter, it is

**ORDERED AND ADJUDGED:**

1. That Defendant Nicole Capp is dismissed without prejudice as a Defendant in this case;

2. That Plaintiff's Motion for Default Judgment (Doc. 14) is granted and the Clerk shall enter Final Default Judgment jointly and severally against Defendants Jordan T. Rhoades, Individually and as officer, director, shareholder and/or principal of BP&P of Northeast Florida, Inc., d/b/a Brewsters Pub, and BP&P of Northeast Florida, Inc., d/b/a Brewsters Pub in the amount of $6,320.00, which amount shall bear interest from the date of entry pursuant to 28 U.S.C. § 1961, which includes:

a) Statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) in the amount of $1,000.00;

---

[1] The Court notes that this amount is only $25 less than Defendants would have had to pay to lawfully exhibit the broadcast to up to 150 people, over three times the number who actually viewed it. See Doc. 14-3 at p. 18.

b) Enhanced statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) in the amount of $3,000.00; and

c) Costs in the amount of $670.00 and attorneys' fees in the amount of $1,650.00; and

3. That the Clerk is directed to close the case and to terminate all pending motions, hearings, and deadlines.

**DONE AND ORDERED** this ___16th___ day of June 2010.

*Howell W. Melton*
SENIOR UNITED STATES DISTRICT JUDGE

c: Counsel of Record

Jordan T. Rhoades
1515 4th St.
Neptune Beach, FL 32266

BP&P of Northeast Florida, Inc.
1515 4th St.
Neptune Beach, FL 32266-4705